IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02230-MEH-KLM

CATHERINE RAY,

    Plaintiff,

v.

METRO COLLECTION SERVICE, INC.,

    Defendant.

---

**ORDER ON MOTION FOR PROTECTIVE ORDER**

---

Pending before the Court is Plaintiff's Motion for Protective Order [filed April 2, 2010; docket #41]. The matter is briefed and has been referred to this Court for disposition. For the reasons stated below, Plaintiff's motion is **denied**.

**I.    Background**

Plaintiff instituted this action on September 17, 2009, and with permission of the Court, filed an Amended Complaint on March 3, 2010. In essence, Plaintiff alleges that Defendant violated her rights under the Fair Debt Collection Practices Act. *See* Amended Complaint [docket #37]. On March 10, 2010, Defendant filed an answer to the Amended Complaint and on March 30, 2010, Plaintiff filed a Partial Motion for Summary Judgment on her first claim for relief. *See* docket #39. Days later, Plaintiff filed the within Motion for Protective Order seeking a stay of all discovery, alleging that "Plaintiff's Motion for Partial Summary Judgment could dispose of this matter and, if granted, any further discovery would be a waste of resources." *See* docket #41 at 1. Defendant filed its opposition to the motion on April 6, 2010.

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, the Plaintiff seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419-PSF-BNB, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, Defendant contends that it has responded to Plaintiff's discovery requests (and assumes the partial motion for summary judgment was filed based on its disclosures), but that Plaintiff filed the within motion for protective order one business day before her discovery responses were due to be submitted to the Defendant. Defendant asserts that Plaintiff's discovery responses may assist the Defendant in responding to the Plaintiff's pending motion for summary judgment. Under these circumstances, the Court finds it improper to stay discovery when the exchange of information may be necessary to support or oppose a pending dispositive motion involving the facts of the case and applicable law. Moreover, Plaintiff's assertion that a stay of discovery is warranted because further discovery "would be a waste of resources" is unavailing. Parties always are burdened when they sue or are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Plaintiff who initiated this action.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order [filed April 2, 2010; docket #41] is **denied**. To the extent that she has not

already done so, the Plaintiff shall submit her responses to Defendant's discovery requests on or before April 12, 2010.

Dated at Denver, Colorado, this 6th day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge